|                              |   |                         |
| ---------------------------- | - | ----------------------- |
| UNITED STATES DISTRICT COURT |   | EASTERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 9:11-CR-5(1) |
| | § | |
| JOSE GREGORIO MENDOZA MERIDA | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Jose Gregorio Mendoza Merida's ("Merida") notice of appeal to the United States Court of Appeals for the Fifth Circuit, wherein Merida seeks to appeal this court's order denying his motion for a reduced sentence. The court denied Merida's request for a sentence reduction on January 4, 2016. Therefore, pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(1)(i), his notice of appeal was due on January 19, 2016. *See* FED. R. APP. P. 4(b)(1)(A)(i) (requiring that a defendant in a criminal case file a notice of appeal within 14 days after the entry of the judgment or order being appealed); FED. R. APP. P. 26(a)(1)(C) (directing courts to include the last day of a period unless it falls on a Saturday, Sunday, or legal holiday); *United States v. Leijano-Cruz*, 473 F.3d 571, 572 (5th Cir. 2006). Merida, however, did not file his notice of appeal until January 28, 2016, nine days late. Under such circumstances, Rule 4(b)(4) allows the district court to grant an additional thirty days in which to file a notice of appeal upon a finding of excusable neglect or good cause. *See* FED. R. APP. P. 4(b)(4) (stating that "[u]pon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)"); *United States v. Perdomo*, 619 F. App'x 379, 380 (5th Cir. 2015); *Leijano-Cruz*, 473 F.3d at 572.

As a result, the Fifth Circuit remanded this action for a determination of whether excusable neglect or good cause existed for Merida's untimely notice of appeal. Pursuant to this directive, the court ordered Merida to explain why his notice of appeal was untimely, and he responded by pointing to a language barrier. More specifically, Merida states because he does not speak or write much English, he did not understand that he had a deadline and was required to rely on the assistance of an English-speaking inmate.

When considering whether a defendant has shown excusable neglect, the court considers "all of the relevant circumstances surrounding the party's omission" including "the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *United States ex rel. King v. Univ. of Tex. Health Sci. Ctr.-Houston*, 544 F. App'x 490, 493 (5th Cir. 2013), *cert. denied*, ___ U.S. ___, 134 S. Ct. 1767 (2014) (quoting *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007)); *accord Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993).

Here, the danger of prejudice to the government and the impact on judicial proceedings is minimal, as the notice of appeal was filed only nine days late, and the government has not complained of any potential prejudice. *See United States v. Candia*, No. 00-20084, 2011 WL 1837852, at *1 (W.D. La. Mar. 15, 2011) (finding "no real danger of prejudice to the government" where the defendant's *pro se* tardy filing was docketed 20 days late). Furthermore, at least part of the delay was due to Merida's inability to understand the English language and his reliance on a fellow inmate to help him interpret the order and draft his notice of appeal. Finally, Merida appears to have acted in good faith in diligently filing his notice of appeal as soon as he

was able to secure such assistance.  Therefore, after considering all of the relevant circumstances, the court finds that Merida's delay in filing his notice of appeal should be excused.  *See United States v. Coleman*, 270 F. App'x 346, 347 (5th Cir. 2008) (quoting *United States v. Awalt*, 728 F.2d 704, 705 (5th Cir. 1984)); *accord United States v. Golding*, 739 F.2d 183, 184 (5th Cir. 1984) (per curiam).

IT IS SO ORDERED.

SIGNED at Beaumont, Texas, this 14th day of November, 2016.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE